**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CARLEE FELTS,**

      **Plaintiff**

      v.

**CASE NO.**

**FRONT ROW SPORTS BAR &
GRILL, INC. d/b/a FRANK'S PLACE,**
Florida Profit Corporation

      **Defendant**

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

    Plaintiff, CARLEE FELTS (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, FRONT ROW SPORTS BAR & GRILL, INC. d/b/a FRANK'S PLACE (hereinafter referred as "FRANK'S" or "Defendant"), pursuant to the Americans with Disabilities Act ("ADA"), and in support of states as follows:

**INTRODUCTION**

    1.    This is a disability discrimination and retaliation case brought by Felts, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., as amended by the ADA Amendments Act of 2008 ("ADA") and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

## JURISDICTION

2. The acts and omissions giving rise to this action occurred in Orange County, Florida.

3. Plaintiff was employed by Defendant in Orange County, Florida.

4. Defendant operates one or more restaurants in the Orlando area.

5. This is an action at law raises a federal question under federal law, specifically the ADA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## VENUE

7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District and the Defendant maintains headquarters in Ocoee, Florida.

## PARTIES

8. Plaintiff was an employee of Defendant for approximately five (5) months.

9. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

10. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

11. Plaintiff is protected by the ADA because she suffers from epilepsy, therefore, either:

    a. Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

    b. Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

    c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

12. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

13. In 2017, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

14. In 2018, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

15. In 2019, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

16. At all times relevant, Defendant was engaged in an industry affecting commerce.

17. At all times relevant, Defendant was engaged in an activity affecting commerce.

18. At all times relevant, Defendant was engaged in comer within the meaning of 26 U.S.C. § 2611(1)

19. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

20. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

21. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

22. As of the date of her termination, Plaintiff had been employed by Defendant for at

3

least five (5) months.

23. As of the date of her termination, Plaintiff had been employed by Defendant for at least 800 hours of service during the previous five (5) month period.

24. As of the date of her termination, Defendant have a combined total of twenty (20) or more employees.

25. At all times relevant, Plaintiff was an "employee" as defined by 42 U.S.C § 1211(4).

26. At all times relevant, Plaintiff was a "qualified individual" as defined by 42 U.S.C § 1211(8).

## FACTUAL ALLEGATIONS

27. Plaintiff was hired as a server in approximately January 2019.

28. Plaintiff was an employee in good standing.

29. On or about April 2, 2019, Plaintiff suffered from an epileptic seizure while on the job.

30. Defendant's agents, supervisors, and/or employees were aware that Plaintiff suffered from epilepsy.

31. At the time Plaintiff was suffering the epileptic seizure, a supervisor, agent, and/or employee at Defendant's company verbally reprimanded Plaintiff for suffering a seizure.

32. Immediately thereafter, defendant's agent, supervisor, and/or employee demanded Plaintiff return to her job duties.

33. Plaintiff was able to continue her job duties without any restrictions.

34. Defendant immediately began treating Plaintiff differently from other employees due to her disability.

35. Plaintiff requested time off, but Defendant denied her request and would not

accommodate Plaintiff claiming that shifts needed to be covered.

36. Defendant routinely assisted other employees in finding coverage for shifts to accommodate time off requests.

37. Despite this, on or about May 11, 2019, Plaintiff was terminated, as citing to Plaintiff missing a scheduled shift.

38. Defendant did not terminate other employees for rescheduling scheduled shifts.

39. Defendants violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

40. At the time of her termination Plaintiff was qualified for her position.

41. At the time of her termination Plaintiff was able to perform the essential functions of her job.

42. At no time during her employment did Defendants counsel or otherwise discipline Plaintiff for failure to meet her job duties.

43. Defendants' actions constitute discrimination in violation of the ADA.

44. Defendants' actions constitute retaliation in violation of the ADA.

## COUNT I
## DISABILITY DISCRIMINATION

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 44 above.

46. Plaintiff was a qualified individual with a disability.

47. Plaintiff was perceived as disabled by Defendants.

48. Defendants were Plaintiff's employer as defined by the ADA-AA.

49. Defendants discriminated against Plaintiff because of her disability in violation of the ADA-AA.

50. Defendants discriminated and/or retaliated against Plaintiff because she exercised her rights under the ADA-AA.

51. Defendants had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

52. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

53. Defendants' conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

54. As direct, natural, proximate and foreseeable results of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants', which have cause and continued to cause irreparable harm.

56. Defendants' violation of the ADA-AA were willful.

57. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981a(a)(3).

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a)     judgment in her favor and against Defendant for violation of the disability association provisions of the ADA-AA;
    b)     judgment in her favor and against Defendants for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;
    c)     judgment in her favor and against Defendants for her reasonable

attorney's fees and litigation expenses;

    d)    judgment in her favor and against Defendants for punitive damages;

    e)    judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

    f)    Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

58. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 44 above.

59. Plaintiff requested a reasonable accommodation for her disability. This constituted protected activity under the ADA-AA.

60. Upon information and belief, Defendants' conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

61. As a natural, proximate and foreseeable result of Defendants' actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

62. The conduct of Defendants' management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendants and to deter it and others from such conduct in the future.

63. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a)    Permanently enjoining Defendants, its officers, agents, servants, employees and all other persons in active concert or participation with it, from

violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

    b)    judgment against Defendants for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

    c)    judgment against Defendants for compensatory damages;

    d)    judgment against Defendants for punitive damages;

    e)    Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

    f)    Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

    g)    Granting such other and further relief as the Court deems just

## JURY DEMAND

Plaintiff, CARLEE FELTS, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 24th day of April, 2020

        Respectfully submitted,

        *s/Carlos V. Leach*
        Carlos V. Leach, Esq.
        Fla. Bar No.: 540021
        THE LEACH FIRM, P.A.
        631 S. Orlando Avenue, Suite 300
        Winter Park, Florida 32789
        Direct: (407) 574-8778
        Facsimile: (407) 960-4789
        E-mail: cleach@theleachfirm.com
        Email: yhernandez@theleachfirm.com

        ***Attorneys for Plaintiff***